IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN BROOKINS,

        Plaintiff,                No. CIV S-09-0841 GGH P

    vs.

MICHAEL MCDONALD, Warden,
et al.,

        Defendants.        ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15 Cir. 1989); Franklin, 745 F.2d at 1227.

16         A complaint must contain more than a "formulaic recitation of the elements of a

17 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

19 "The pleading must contain something more...than...a statement of facts that merely creates a

20 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

22 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

23 v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at

24 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

25 that allows the court to draw the reasonable inference that the defendant is liable for the

26 misconduct alleged."  Id.

1      In reviewing a complaint under this standard, the court must accept as true the

2   allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

3   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

4   and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct.

5   1843 (1969).

6      The complaint states a colorable claim for relief against defendants Warden Mike

7   McDonald; Chief Medical Officer S.M. Roche; Physician's Assistant G. Dudley; D. Swingle,

8   M.D.; Nurse M. Miller, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

9      By <u>Order</u>, filed on April 8, 2009 (docket # 4), the court vacated plaintiff's March

10  26, 2009, motion for preliminary injunction without prejudice to the filing an appropriate

11  complaint.  Plaintiff has subsequently filed a complaint and, although plaintiff's allegations

12  against the above-named defendants could have been rendered with greater specificity, the court,

13  as noted above, has found his claims as to those defendants colorable.   However, as to

14  defendants A. Agyeman, M.D., and G. James, M.D., whom plaintiff has set forth as individual

15  defendants on page 2 of his complaint, the court can locate no allegations specifically naming

16  these individuals.  Nor is it enough to make generic allegations against "all others acting in

17  concert."  Complaint, p. 2.  To the extent that plaintiff expects the court to infer allegations

18  against defendants, named or unnamed, by combing through his attached exhibits, that reliance is

19  misplaced.

20     Failing to set forth allegations against specific defendants fails to state a claim

21  against them and violates Rule 8 of the Federal Rule of Civil Procedure which requires

22  "sufficient allegations to put defendants fairly on notice of the claims against them." <u>McKeever</u>

23  <u>v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991)).  <u>Accord</u> <u>Richmond v. Nationwide Cassel L.P.</u>, 52

24  F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to

25  satisfy the notice requirement of  Rule 8.)

26  \\\\\

1     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

4   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

5   there is some affirmative link or connection between a defendant's actions and the claimed

6   deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

7   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

8   vague and conclusory allegations of official participation in civil rights violations are not

9   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10     In addition, plaintiff is informed that the court cannot refer to a prior pleading in

11   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

12   amended complaint be complete in itself without reference to any prior pleading.  This is

13   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

14   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

15   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

16   original complaint, each claim and the involvement of each defendant must be sufficiently

17   alleged.

18     Accordingly, IT IS HEREBY ORDERED that:

19     1.  Plaintiff's request to proceed in forma pauperis is granted;

20     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

21   The fee shall be collected and paid in accordance with this court's order to the Director of the

22   California Department of Corrections and Rehabilitation filed concurrently herewith.

23     3.  Plaintiff's claims against defendants A. Agyeman, M.D., and G. James, M.D.,

24   as well as all defendants who are not specifically named, are dismissed for the reasons discussed

25   above, with leave to file an amended complaint within thirty days from the date of service of this

26   Order.  Failure to file an amended complaint will result in a recommendation that these

1  defendants be dismissed from this action.

2          4.  Upon filing an amended complaint or expiration of the time allowed therefor,

3  the court will make further orders for service of process upon some or all of the defendants.

4  DATED: August 13, 2009

5

6                                          /s/ Gregory G. Hollows

7                                          _____
                                           UNITED STATES MAGISTRATE JUDGE
8

9  GGH:009
   broo0841.b1nf
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26