IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN BROOKINS,

    Plaintiff,                   No. 2:09-cv-0841 KJN P

    vs.

MICHAEL MCDONALD, et al.,       ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On March 8, 2010, defendants filed a motion to dismiss on the grounds that plaintiff failed to exhaust his administrative remedies prior to filing the instant action. On March 31, 2010, plaintiff filed an opposition to the motion to dismiss in which he states he is a Plata[1] class member, and that because he is a Plata class member he has exhausted his administrative remedies. (Dkt No. 21 at 2 & 3.) In their April 5, 2010 reply, defendants contend plaintiff's complaint should be dismissed because his membership in the Plata class does not relieve him of his obligation to first exhaust administrative remedies. (Dkt. No. 22.)

---

[1] Plata v. Schwarzenegger, No. C 01-1351 THE (N.D. Cal.).

1

## II. Motion to Dismiss

### Background

Plaintiff is proceeding on his original complaint against defendants S. M. Roche, G. Dudley, M. Miller, D. Swingle, and Michael McDonald (collectively "defendants"). Therein, he alleges as follows: In January of 2007, plaintiff began having problems with his knee after a full knee replacement. Due to an alleged lack of adequate medical care and alleged improper post-operative care at High Desert State Prison ("HDSP"), plaintiff avers he was in severe pain by October 2007, and that "gangrene, staphyloccus, and all kinds of infections set in the knee." (Complt. at 5.) Plaintiff's leg was amputated from above the knee in December 2007.

On January 11, 2008, Dr. Parlasca recommended the following plan:

> I [Dr. Parlasca] need aggressive stump or prosthetic fitting. We want to begin as soon as possible to get that on so we can get him up and get him walking. I am going to see him back here in 2 weeks just to make sure that we are getting started with his prosthetic fittings.

(Complt., Ex. C.) Plaintiff has been confined to a wheelchair since his amputation. Plaintiff alleges the prosthetic fitting was started, but not completed, and does not yet fit correctly. Plaintiff states he is unable to walk.

Plaintiff further contends that High Desert State Prison lost its contract with the company providing prosthetics and fittings, and alleges that prison officials want to transfer plaintiff to another institution. Plaintiff alleges that such a transfer would place him at the bottom of the medical list for treatment and, due to prison overcrowding, would mean it will be years before he receives "adequate, or at least medical treatment again." (Complt. at 6.)

Plaintiff seeks declaratory and injunctive relief, monetary and punitive damages. (Complt. at 8-9.)

### Legal Standard

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

1  § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
2  facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
3  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S.
4  516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding the conditions of
5  their confinement, whether they involve general circumstances or particular episodes, and
6  whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

7  Exhaustion of all "available" remedies is mandatory; those remedies need not
8  meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v.
9  Churner, 532 U.S. 731, 740 n.5 (2001). Even when the prisoner seeks relief not available in
10 grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532
11 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative
12 process that could provide some sort of relief on the complaint stated, but no money." Id. at
13 734.[2]

14 A prisoner need not exhaust further levels of review once he has either received
15 all the remedies that are "available" at an intermediate level of review, or has been reliably
16 informed by an administrator that no more remedies are available. Brown v. Valoff, 422 F.3d
17 926, 934-35 (9th Cir. 2005). Because there can be no absence of exhaustion unless some relief
18 remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief
19 remained available, whether at unexhausted levels or through awaiting the results of the relief
20 already granted as a result of that process. Brown, 422 F.3d at 936-37.

21 As noted above, the PLRA requires proper exhaustion of administrative remedies.
22 Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an

---

[2] The fact that the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

1  agency's deadlines and other critical procedural rules because no adjudicative system can
2  function effectively without imposing some orderly structure on the course of its proceedings."
3  Id. at 90-91.  Thus, compliance with prison grievance procedures is required by the PLRA to
4  properly exhaust.  Id.  The PLRA's exhaustion requirement cannot be satisfied "by filing an
5  untimely or otherwise procedurally defective administrative grievance or appeal."  Id. at 83-84.

6  The State of California provides its prisoners the right to appeal administratively
7  "any departmental decision, action, condition or policy which they can demonstrate as having an
8  adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides them
9  the right to file appeals alleging misconduct by correctional officers and officials.  Id. at
10 § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner
11 must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal
12 on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and
13 (4) third level appeal to the Director of the California Department of Corrections and
14 Rehabilitation.  Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal.Code
15 Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the
16 exhaustion requirement under § 1997e(a).  Id. at 1237-38.

17 Non-exhaustion under § 1997e(a) is an affirmative defense which should be
18 brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil
19 Procedure 12(b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Moreover, the court
20 may look beyond the pleadings to determine whether a plaintiff exhausted his administrative
21 remedies.  Id. at 1119-20.

22 Analysis
23 a. HDSP 08-0502
24 On February 11, 2008, plaintiff signed a "Reasonable Modification or
25 Accommodation Request," in which plaintiff sought physical therapy and to be medically
26 unassigned.  (Dkt. No. 19-3 at 25.)  This document was stamped by HDSP Appeals on February

4

20, 2008, and assigned log number HDSP-08-0502. (Id.) On March 8, 2008, plaintiff's HDSP 08-0502 was denied at the first level of review. (Dkt. No. 19-3 at 22-23.)

Defendants have provided evidence that plaintiff failed to appeal HDSP 08-0502 to the second or third level of review. Plaintiff failed to rebut this evidence. Moreover, the first level appeal response notes that a new Comprehensive Accommodation Chrono was completed, and plaintiff's statement that this problem had been resolved was attached to the appeal denial. (Dkt. No. 19-3 at 22.)

Accordingly, plaintiff's claims contained in HDSP 08-0502 were not exhausted prior to filing the instant action and should be dismissed.

b. HDSP-08-0757

Defendants contend plaintiff failed to exhaust his administrative remedies because he did not appeal grievance HDSP-08-0757 to the final level of review.

On March 16, 2008, plaintiff filed a "Reasonable Modification or Accommodation Request," asking prison officials to provide the prosthetic fitting as ordered by Dr. Robert Parlasca on January 11, 2008. (Dkt. No. 19-3 at 11.) This request was stamped May 1, 2008, by HDSP Appeals and assigned log number HSDP-08-0757. (Id.) Plaintiff received a second level response partially granting the appeal dated May 12, 2008. (Dkt. No. 19-3 at 7.) Dr. Swingle, Chief Medical Officer, stated that the

> Speciality Clinic has been notified that the orthotic provider wants to fit prosthetic devices at their facility instead of at the prison due to the availability of the equipment needed to properly fit these devices. The Specialty Clinic is in the process of scheduling these appointments as soon as possible. It is noted that you currently have the use of wheelchair as an interim accommodation.

(Dkt. No. 19-3 at 7.)

However, almost one year later, plaintiff avers that the prosthetic leg is not completed and not yet fitted correctly, and that he is unable to walk. (May 4, 2009 Complt. at 6.)

////

1         Defendants argue that plaintiff's claims concerning his prosthetic device must be
2 dismissed because plaintiff failed to appeal HSDP-08-0757 to the third level of review. But
3 defendants have failed to demonstrate what further relief would have been available to plaintiff at
4 the third level of review. Had plaintiff taken an appeal within fifteen days from the second level
5 decision, as required by Cal. Code Regs., tit. 15, § 3084.6(c), his appointment for prosthetic
6 device would have been in the midst of scheduling or the fitting would be in the early stages.
7 Thus, any timely-filed third level appeal would have been either denied as the appointment-
8 making or fitting was in progress, or partially granted for the same reasons.

9         This case is similar to Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005). Although
10 Brown's claim alleged excessive force, like plaintiff herein Brown's second level appeal was
11 partially granted. Brown did not file a third level review. Id. at 931. On appeal, the Court of
12 Appeals for the Ninth Circuit found that defendants failed to prove some relief remained
13 available to Brown beyond the second level of review. Id. at 940.

14         There is a distinction between Brown's case and plaintiff's case because at
15 Brown's second level of review his case was turned over for a separate investigation. Id. at 938-
16 39. However, this distinction does not alter the fact that defendants have not demonstrated
17 plaintiff had further relief available at the third level of review.

18         Dr. Swingle's statement that plaintiff could appeal the second level decision to the
19 Director's Level Review if plaintiff was dissatisfied with the second level decision did not make
20 it clear whether plaintiff would be permitted to file at the third level outside the fifteen-day
21 deadline, or once it became apparent prison officials would not continue with the prosthetic
22 fitting. Plaintiff should not be required to file a new grievance once it became apparent, almost a
23 year later, that the fittings would not continue.

24         In their reply, defendants argue that plaintiff only requested a preliminary
25 injunction to "preserve the status quo" with regard to HDSP-08-0757, citing plaintiff's complaint
26 at 2. (Reply at 5.) Defendants' reading is too narrow. Initially, plaintiff filed a motion for

1 injunctive relief to maintain the status quo. (Dkt. No. 1.) The statement to which defendants
2 refer is located in the "Exhaustion of Administrative Remedies" portion of the complaint and in
3 response to question "C. Is the grievance process completed?" plaintiff responds: "Request for
4 preliminary injunction/TRO to preserve the status quo. (See Exhibit - D)." (Complt. at 2.)
5 In addition, however, in his statement of facts portion of his opposition, plaintiff states,

> The circumstances as they are "at present" will cause plaintiff to be subjected to further irreparable harm. Plaintiff requested a Temporary Restraining Order and requests for preliminary relief because Mike McDonald and his prison officials [have] failed to "preserve the status quo."

9 (Opp'n at 2.) These statements do not express a desire to solely seek injunctive relief. Plaintiff
10 also seeks monetary and punitive damages. (Complt. at 9.) Although plaintiff is a Plata class
11 member, he may bring an individual action for money damages. See McNeil v. Guthrie, 945
12 F.2d 1163, 1166 n.4 (10th Cir. 1991).
13 This court finds that defendants have not demonstrated that plaintiff failed to
14 exhaust all administrative remedies that were available to him through HDSP-08-0757.
15 Accordingly, defendants' motion to dismiss plaintiff's claims based on HDSP-08-0757 should be
16 denied.

17         c. Other Unexhausted Issues

18 Defendants argue that plaintiff has filed no administrative grievances concerning
19 the delay in his knee replacement surgery, his housing placement in the gymnasium, or his
20 generalized claims regarding alleged Eighth Amendment violations concerning lack of or
21 inadequate medical care. (Mot. at 4.) Defendants have provided evidence that demonstrate such
22 failure to exhaust. (Robertson Decl., Attachment A.) Plaintiff has failed to rebut this evidence.
23 Accordingly, these claims should be dismissed and this action should proceed solely on
24 plaintiff's claims adequately exhausted by HDSP-08-0757.
25 ////
26 ////

III. Plata

Plaintiff concedes he is a Plata class member. A plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979); see also McNeil, 945 F.2d at 1165 ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

A class action in the United States District Court for the Northern District of California, Plata v. Schwarzenegger, No. C 01-1351 THE, involves a constitutional challenge to the adequacy of medical care provided throughout the California state prison system. That is the same subject matter addressed by plaintiff's claims for equitable relief in this action. In this regard, plaintiff seeks broad injunctive relief requiring provision of a prosthesis for his leg and prohibiting prison officials from transferring plaintiff to a different institution.

Indeed, it appears plaintiff specifically seeks, inter alia, an order requiring defendants to come into compliance with Plata rulings. (Complaint at 3.) As a member of the Plata class, however, plaintiff must bring his "claims for equitable relief . . . through the class representative until the class action is over or the consent decree is modified." McNeil, 945 F.2d at 1166. See also, e.g., Crawford, 599 F.2d at 892-93; Frost v. Symington, 197 F.3d 348, 359 (9th Cir. 1999). Accordingly, plaintiff's claims for injunctive relief should be dismissed.

IV. Consent

Plaintiff filed a consent to the jurisdiction of a United States Magistrate Judge on April 8, 2009. Defendants have not responded to the court's December 7, 2009 Order re Consent. Accordingly, the Clerk of Court will be directed to assign a district judge to this action.

////

V. <u>Conclusion</u>

In light of the above, this action shall proceed solely as to those claims exhausted through HDSP-08-0757, specifically, defendants' failure to provide plaintiff with a prosthetic device as requested by Dr. Parlasca on January 11, 2008. However, review of plaintiff's May 4, 2009 complaint demonstrates that plaintiff has failed to specifically identify which defendants he alleges were responsible for this failure.

While plaintiff may state a cognizable claim, he must connect the named defendants clearly with the claimed denial of his rights. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); <u>Johnson v. Duffy</u>, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury); <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194-95 (9th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). The court cannot determine from the complaint what role, if any, defendants McDonald, Roche, Dudley, Swingle or Miller played in the alleged deprivation of plaintiff's rights with regard to the claims included in HDSP-08-0757.

Moreover, because the complaint contains unexhausted allegations and focuses on plaintiff's requests for injunctive relief that this court cannot address in light of <u>Plata</u>, plaintiff's complaint must be dismissed with leave to file an amended complaint that seeks relief for only those claims asserted in HDSP-08-0757, specifically links each defendant with the claimed denial of his rights, omits any request for injunctive relief, and limits his request for damages to monetary relief.

////

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' March 8, 2010 motion to dismiss (Dkt. No. 19) be granted in part and denied in part as follows:

    a. Defendants' motion to dismiss plaintiff's claims arising from HDSP 08-0502 be granted; and

    b. Defendants' motion to dismiss plaintiff's claims arising from HDSP 08-0757 be denied.

          c. Defendants' motion to dismiss plaintiff's remaining claims as unexhausted be granted.

    2. Plaintiff's injunctive relief claims be dismissed.

    3. Plaintiff's May 4, 2009 complaint be dismissed and plaintiff be granted thirty days from any order adopting these findings and recommendations to file an amended complaint that complies with the instant findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 21, 2010

                                       _____
                                       KENDALL J. NEWMAN
                                       UNITED STATES MAGISTRATE JUDGE

/broo0841.mtd